UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| JAMES LEE MOSLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:21-cv-00011-SEB-DML |
| | ) |
| RIPLEY COUNTY SHERIFFS DEPT., et al. | ) |
| | ) |
| Defendants. | ) |

**ORDER DENYING MOTION TO RECONSIDER DISMISSED CLAIM**

Defendant Bob Curl allegedly deducted money from the plaintiff's jail trust account and applied the money to his outstanding health care co-payments. The plaintiff claims this conduct violated an Indiana administrative regulation because the health care co-payments were more than 30 days old. The Court dismissed this claim because the regulation applies to offenders at the Indiana Department of Correction and does not govern payment disputes at county jails. The plaintiff has filed a motion to reconsider the dismissal of this claim. For the reasons explained below, the motion is **DENIED**.

## I.
## LEGAL STANDARD

Rule 54(b) of the Federal Rules of Civil Procedure permits revision of non-final orders. *Galvan v. Norberg*, 678 F.3d 581, 587 n.3 (7th Cir. 2012). "[M]otions to reconsider an order under Rule 54(b) are judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e)." *Woods v. Resnick,* 725 F.Supp.2d 809, 827 (W.D.Wis. 2010). The Seventh Circuit has summarized the role of motions to reconsider as follows:

> A motion for reconsideration performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a

>controlling or significant change in the law or facts since the submission of the issue to the Court.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990) (citations omitted). In other words, "Motions to reconsider 'are not replays of the main event.'" *Dominguez v. Lynch*, 612 F. App'x 388, 390 (7th Cir. 2015) (quoting *Khan v. Holder*, 766 F.3d 689, 696 (7th Cir. 2014)). They "serve a limited function: to correct manifest errors of law or fact or to present *newly* discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (emphasis added). A motion to reconsider "is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Id.* at 1269–70.

## II.
## DISCUSSION

The plaintiff claims Commander Curl violated 210 Ind. Administrative Code § 7-2-6 when he applied funds from his jail trust account to his outstanding health care co-payments. The Court dismissed this claim because the regulation applies to offenders at the Indiana Department of Correction and not inmates at county jails. In the motion to reconsider, the plaintiff states that subsection (f) of the regulation does apply to county jails. He has not presented case law or other legal authority to support his argument.

210 Ind. Administrative Code § 7-2-6(f) states, in part, "The amount deducted from the **offender's** account shall be considered full payment of the health care services co-payment. After the thirty (30) day period of the hold, the hold on the account shall be removed and the debt shall be considered retired." (emphasis added). "Offender" is defined as "any person committed to the department and who is housed in a department facility," and "department" is defined as "department of correction." 210 Ind. Administrative Code § 7-1-4, 8. Therefore, the regulation

does not govern the plaintiff's payment dispute at Ripley County Jail, and the Court properly dismissed the plaintiff's claim.

## III.
## CONCLUSION

The plaintiff has not established the dismissal of his claim was based on a manifest error of law or fact, and the motion to reconsider, dkt. [24], is **DENIED**.

**IT IS SO ORDERED**.

Date: 6/11/2021

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JAMES LEE MOSLEY
931034
HERITAGE TRAIL - CF
HERITAGE TRAIL - CF
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

Douglas Alan Hoffman
CARSON LLP
hoffman@carsonllp.com

3